**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NUMBER HOLDINGS, INC., | ) | Case No. 24-10719 (JKS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 80-0761463 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 99 CENTS ONLY STORES LLC, | ) | Case No. 24-10721 (JKS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-2411605 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 99 CENTS ONLY STORES TEXAS, INC., | ) | Case No. 24-10722 (JKS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 54-2091229 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 99 CENTS PROPCO LLC, | ) | Case No. 24-10723 (JKS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 93-2287843 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 99 CENTS HOLDCO LLC, | ) | Case No. 24-10720 (JKS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 93-2283987 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BARGAIN WHOLESALE LLC, | ) | Case No. 24-10724 (JKS) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 46-4948030 | ) |  |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors" and, together with their non-Debtor affiliates, "99 Cents") respectfully state the following in support of this motion (the "Motion"):

**Background**

1.      On April 7, 2024 (the "Petition Date"),[1] the Debtors commenced these cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").  The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or official committee has been appointed in these Chapter 11 Cases.

2.      By this Motion, the Debtors are requesting that their cases be consolidated for procedural purposes only and administered jointly, as more fully described below.

3.      The Debtors operate approximately 371 extreme value retail stores in California, Arizona, Nevada, and Texas under the business names "99¢ Only Stores" and "The 99 Store."  The Debtors offer their customers a wide array of quality products—from everyday household items,

---

[1]     Certain of the Debtors' voluntary petitions were filed on the docket shortly after midnight (ET) on April 8, 2024.

2

to fresh produce, deli, and other basic grocery items, to an assortment of seasonal and party merchandise—much of which is still priced at or below 99.99 cents. Headquartered in Tustin, California, the Debtors currently have over 10,800 part-time and full-time employees.

4. The Debtors commenced these Chapter 11 Cases to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders. Through these cases, the Debtors intend to continue an orderly and value-maximizing wind down of their inventory, while conducting a marketing and sale process for their remaining assets on a timeline consistent with their store closures.

5. For further information about the Debtors, their business operations, and the circumstances that have led to the filing of these Chapter 11 Cases, the Debtors refer to the *Declaration of Christopher J. Wells in Support of Chapter 11 Petitions and First Day Motions of Number Holdings, Inc. and Its Affiliated Debtors and Debtors in Possession* (the "First Day Declaration") filed simultaneously herewith.[2]

## Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated as of February 29, 2012.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

**Relief Requested**

10. By this Motion, the Debtors seek entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), (i) directing the joint administration of these Chapter 11 Cases for procedural purposes only, and (ii) granting certain related relief described herein. The Debtors request that one file and one docket be maintained for all of the above-captioned cases under the case of Debtor Number Holdings, Inc. and that such cases be jointly administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NUMBER HOLDINGS, INC. *et al.*,[1] | ) | Case No. 24-10719 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Only Stores LLC (1605); (iii) 99 Cents Only Stores Texas, Inc. (1229); (iv) 99 Cents PropCo LLC (7843); (v) 99 Cents HoldCo LLC (3987); and (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

11.     The Debtors submit that this caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

12.     The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each above-captioned case other than the case of Number Holdings, Inc. to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the Chapter 11 Cases of:  Number Holdings, Inc.; 99 Cents Only Stores LLC; 99 Cents Only Stores Texas, Inc.; 99 Cents PropCo LLC; 99 Cents HoldCo LLC; Bargain Wholesale LLC.  The docket in Case No. 24-10719 (JKS) should be consulted for all matters affecting this case.

## Basis for Relief

13.     Section 105(a) of the Bankruptcy Code authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  All Debtors in these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.

14.     Further, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties.  Accordingly, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules authorize this Court to grant the relief requested herein.

15.     As further set forth in the First Day Declaration, given the integrated nature of the Debtors' operations, the joint administration of these Chapter 11 Cases will provide significant

administrative convenience. Many of the filings, hearings, and orders in these Chapter 11 Cases will affect each Debtor. Joint administration of these Chapter 11 Cases will decrease fees and costs by avoiding duplicative filings that would be required absent such relief. It will also allow parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.

16. Joint administration of these Chapter 11 Cases will not harm nor otherwise adversely affect the Debtors' respective stakeholders because the Debtors seek only joint administration of their cases, and not substantive consolidation of their estates. All parties in interest will benefit from the cost reductions associated with joint administration. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and other parties in interest.

17. Notice of this Motion is not required pursuant to Local Rule 1015-1.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto, and grant such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: April 8, 2024<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Robert J. Dehney, Sr.*<br>Robert J. Dehney, Sr. (No. 3578)<br>Matthew O. Talmo (No. 6333)<br>Jonathan M. Weyand (No. 6959)<br>Erin L. Williamson (No. 7286)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:   (302) 658-9200<br>Facsimile:    (302) 658-3989<br>Email:         rdehney@morrisnichols.com<br>                   mtalmo@morrisnichols.com<br>                   jweyand@morrisnichols.com<br>                   ewilliamson@morrisnichols.com<br><br>- and -<br><br>**MILBANK LLP**<br><br>Dennis F. Dunne, Esq. (*pro hac vice* pending)<br>Michael W. Price, Esq. (*pro hac vice* pending)<br>Lauren C. Doyle, Esq. (*pro hac vice* pending)<br>Brian Kinney, Esq. (*pro hac vice* pending)<br>55 Hudson Yards<br>New York, New York 10001<br>Telephone:   (212) 530-5000<br>Facsimile:    (212) 530-5219<br>Email:          ddunne@milbank.com<br>                    mprice@milbank.com<br>                    ldoyle@milbank.com<br>                    binney@milbank.com<br><br>*Proposed Co-Counsel for Debtors in Possession* |